IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESTATE OF STEPHEN P. CROFT, et al.,

    Plaintiffs,

       v.

INTERSTATE LOGOS, LLC,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-2875-TWT

## OPINION AND ORDER

This is a personal injury case. It is before the Court on Defendants Interstate Logos, LLC ("Interstate Logos") and the Lamar Company, LLC's ("Lamar Company") (collectively, the "Lamar Defendants") Motion to Dismiss [Doc. 45]. For the reasons stated below, the Lamar Defendants' Motion to Dismiss [Doc. 45] is GRANTED.

## I.   Background[1]

This case arises from a motor vehicle accident. Stephen P. Croft began working for Defendant Interstate Logos in 2016. (Am. Compl. ¶ 2 [Doc. 41]). During all relevant times, he was also an employee of "Lamar Media Corporation." (*Id.*). As part of his employment, Stephen used and operated a 2022 Kenworth T370 truck, otherwise known as a "boom truck," that had a

---

[1] The Court accepts the facts as alleged in the Amended Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

hydraulic lift and an aerial workstation that was owned, operated and presumably maintained by "Lamar Advertising Co." (*Id.* ¶¶ 3, 6). The boom truck was designed in a manner so that the hydraulic lift would only operate by first engaging the "Power Take Off" and only after engaging the out-riggers on the side of the truck. (*Id.* ¶ 7). The controls for the aerial lift were on the back of the truck and there were controls in the basket of the hydraulic lift. (*Id.* ¶ 8).

Upon information and belief, the truck operated by Stephen was regularly down for service repairs and malfunctions. (*Id.* ¶¶ 10-11). Some of the malfunctions that occurred were: (1) hydraulic lift malfunctions, (2) leaky fittings within the hydraulic lift, (3) outrigger sensor failure, (4) cracks in the hydraulic lift and broken welds, (5) concerns over the holding valve, (6) needed boom repairs, (7) leaks in the hydraulic turntable, (8) boom leaking down when unit was shut off, (9) cab guard breaking apart at supports, (10) hydraulic leaks at the front left outrigger, (11) lift cylinder leaks, (12) damage within the auger rope or bent basket mount and rotation, (13) leaks within the rotation gear box, and (14) winch issues. (*Id.* ¶ 14). Stephen also experienced problems with the hydraulic lift lifting uncontrollably in the fall of 2023, which he brought to the attention of management and other workers. (*Id.* ¶ 15). This led Stephen to believe that the truck was not safe for use. (*Id.* ¶¶ 16-17).

On or about April 2024, Stephen operated his truck while traveling down the highway. (*Id.* ¶ 23). While he was driving the truck, the hydraulic lift on the truck started to rise unexpectedly and caused a collision with an overpass. (*Id.* ¶ 24). The truck turned over and killed Stephen. (*Id.* ¶ 25).

The Plaintiffs filed their Complaint in the Superior Court of Gwinnett County against the Defendants. (*See generally* State Court Filings [Doc. 1-1]). The Defendants then jointly removed the case to this Court. (*See generally* Notice of Removal [Doc. 1]). After seeking leave to file an Amended Complaint, the Plaintiffs did so. (*See generally* Am. Compl.). Soon after, the Lamar Defendants filed their Motion to Dismiss for Failure to State a Claim, which the Court now addresses. (*See generally* Lamar Defs.' Mot. to Dismiss [Doc. 45]).

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim; however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the Court must accept the facts pleaded in the complaint as true and construe them in

the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

The Lamar Defendants move to dismiss all claims against them under the Amended Complaint because the Plaintiffs' tort claims are barred by the Georgia Workers' Compensation Act. (Br. in Supp. of Lamar Defs. Mot. to Dismiss, at 6 [Doc. 45-1]).[2] "The Georgia Workers' Compensation Act . . . is

---

[2] The Plaintiffs have failed to file any response to the Lamar Defendants' Motion to Dismiss. Under the Local Rules of the Northern District of Georgia, the "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. The Court nonetheless will address the merits of the Lamar Defendants' motion for the sake of completeness. *See Guimmo v. Olsen*, 701 F. App'x 922, 924 (11th Cir. 2017) (holding that the "district court abused its discretion by interpreting local rule 7.1(B) as permitting it to grant the defendants' motion to dismiss based on the plaintiffs' failure to timely file an opposition brief"); *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632-33 (11th Cir. 1988) (concluding that, although the district court improperly relied on a local rule setting deadlines

4

designed to provide for relief to injured employees, while also protecting employers from excessive recoveries of damages." *Savannah Hosp. Servs., LLC v. Scriven*, 350 Ga. App. 195, 197 (2019). It should be "liberally construed to effectuate its purpose." *Id.* (quoting *City of Waycross v. Holmes*, 272 Ga. 488, 489 (2000) (quotations omitted)). The Act sets the following limitation on tort recovery:

> The rights and the remedies granted to an employee . . . shall exclude and be in place of all other rights and remedies of such employee, his or her personal representative, parents, dependents, or next of kin, and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death.

O.C.G.A. § 34-9-11(a).

First, the Court addresses whether the Plaintiffs are subject to this provision since Stephen's estate and wife bring this claim. This is a simple issue, as Georgia courts hold that a claim that is derived from an employee's injury that is compensable under the Georgia Workers Compensation Act is subject to its provisions, even if the employee is not the one to bring the claim. *See, e.g., Zaytzeff v. Safety-Kleen Corp.*, 222 Ga. App. 48, 51 (1996) (holding wife's claim for loss of consortium was barred under the Act because the employee would have no tort claim and her claim is derivative of his right);

---

to respond to rule against the plaintiffs on a motion for summary judgment, the district court properly addressed the motion on the merits later in the order).

5

*Smith v. Camarena*, 352 Ga. App. 797, 798 (2019) ("Under [the Georgia Workers' Compensation Act], if [the employee's] death is compensable under the Act, then the [mother and estate] cannot pursue their tort action"). Thus, the Plaintiffs' claims rise and fall with whether Stephen's possible tort claim would be prohibited under O.C.G.A. § 34-9-11(a).

For a cause of action to be covered by O.C.G.A. § 34-9-11(a), "the employee's injury must (a) occur in the course of the employment, and (b) arise out of the employment." *Savannah Hosp. Servs., LLC*, 350 Ga. App. at 198 (citing O.C.G.A. § 34-9-1(4)). The question of whether an injury occurred "in the course of the employment" relates to the "time, place, and circumstances under which the accident takes place." *Id.* (quoting *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854-55 (2007) (quotations omitted)). "[A]n accident arises in the course of the employment when it occurs within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in something incidental thereto." *Id.* (quoting *Ray Bell Constr. Co.*, 281 Ga. at 855 (quotations omitted)). Finally, the question of whether an injury arises out of the employment "refer[s] to the causal connection between the employment and the injury." *Id.* (quoting *Ray Bell Constr. Co.*, 281 Ga. at 855 (quotations omitted)).

6

There is little dispute that the allegations within the Amended Complaint show both elements. Stephen was employed by the Lamar Defendants and in the course of his employment operated the boom truck that malfunctioned and led to his death. (*See* Am. Compl. ¶¶ 2-3, 23-25). There are no allegations that Stephen used the boom truck in contexts outside of his employment. All information pertaining to the accident is noted to be under the control of the Lamar Defendants. (*See id.* ¶¶ 33-39). Considering these facts, the Court easily concludes that Stephen's death occurred in the course of, and arises out of, his employment with the Lamar Defendants. Thus, all of the Plaintiffs' claims against the Lamar Defendants are barred under the Georgia Workers' Compensation Act.[3]

## IV.    Conclusion

For the foregoing reasons, the Lamar Defendants' Motion to Dismiss [Doc. 45] is GRANTED.

SO ORDERED, this ____1st____ day of June, 2026.

THOMAS W. THRASH, JR.
United States District Judge

---

[3] The Lamar Defendants also argue that the Plaintiffs' acceptance of workers' compensation benefits bars the Plaintiffs' tort claims against the Lamar Defendants under the Georgia Workers' Compensation Act. (*See* Br. in Supp. of Lamar Defs.' Mot. to Dismiss, at 10-11). The Court need not address this issue because the Lamar Defendants prevail on their first argument.